CASE  10-C-528                    KANAWHA                              PAGE  1

DEAN SMITH, SR. BY HIS POWER O vs. JP MORGAN CHASE BANK, N.A. D/B

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 03/18/10 | # ISSUED SUM & 8 CPYS; PAUPER'S AFD; CASE INFO SHEET; COMPLAINT |
| 2 | 03/19/10 | # COV LET; EXH "A" TO C |
| 3 | 04/07/10 | # LET FR SS DTD 4/5/10; SUM W/RET (4/5/10 SS) AS TO CHASE |
| 4 | 04/07/10 | # HOME FINANCE LLC |
| 5 | 04/07/10 | # LET FR SS DTD 4/5/10; SUM W/RET (4/5/10 SS) AS TO ERIE INS. |
| 6 | 04/07/10 | # PROPERTY & CASUALTY CO. |
| 7 | 04/07/10 | # LET FR SS DTD 4/5/10; SUM W/RET (4/5/10 SS) AS TO BIRCHENOUGH |
| 8 | 04/07/10 | # MORTGAGE SERVICES INC. |
| 9 | 04/07/10 | # LET FR SS DTD 4/5/10; SUM W/RET (4/5/10 SS) AS TO JPMORGAN |
| 10 | 04/07/10 | # CHASE BANK, N.A. |
| 11 | 04/12/10 | # E-CERT FR SS AS TO CHASE HOME FINANCE, LLC DTD 4/9/10 SIGNED |
| 12 | 04/12/10 | # BY H. WEBSTER |
| 13 | 04/12/10 | # E-CERT FR SS AS TO ERIE INS. PROPERTY & CASUALTY CO. DTD |
| 14 | 04/12/10 | # 4/9/10 SIGNED BY S. SWANSON |
| 15 | 04/12/10 | # E-CERT FR SS AS TO JP MORGAN CHASE BANK, N.A. DTD 4/9/10 |
| 16 | 04/21/10 | # SIGNED BY L. DELGADO |
| 17 | 04/21/10 | # E-CERT FR SS AS TO BIRCHENOUGH MORTGAGE SERVICES RET MARKED "FORWARD |
| 18 | | # TIME EXP" |
| 19 | 04/26/10 | # E-CERT FR SS AS TO BIRCHENOUGH MORTGAGE SERVICES DTD 4/19/10 |
| 20 | | # SIGNED BY KATHY THOMAS |

A TRUE COPY
TESTE: [signature] CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

515110

EXHIBIT
1

10-C-528

A TRUE COPY
TESTE: _Cathy S Gatson_ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

**Barnett, Carlye**

| | | | |
|---|---|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] | **Sent:** | Mon 4/26/2010 11:33 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 10-C-528 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

BIRCHENOUGH MORTGAGE SERVICES, INC.
F/K/A BARROW & BIRCHENOUGH LOAN SERVICES
500 WEST JUBAL EARLY DRIVE
WINCHESTER, VA 22601

The letter was sent on 4/5/2010

Civil Action Number: 10-C-528
Restricted: N
Certified Number : 91719237900010002 41781

This information supplied from Pitney Bowes Distribution Solutions



**UNITED STATES POSTAL SERVICE.**

Date Produced: 04/26/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010
0024 1781. Our records indicate that this item was delivered on 04/19/2010 at 08:38 a.m. in
CHARLESTON, WV, 25301. The scanned image of the recipient information is provided
below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721



PITNEY BOWES

02 1R        $ 05.29⁰
000655962
APR 06 2010
MAILED FROM ZIP CODE 25305

2010 APR 21  AM II: 52

Kan CO

10-C-528ᵈ

CATHY S. GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

FWD

MORT500+   226013058 1109 08 04/15/10
FORWARD TIME EXP.  RTN TO SEND
⟨:MORTGAGE MARKET
574 GRANNY SMITH RD
LINDEN VA 22642-6231

RETURN TO SENDER

A TRUE COPY
TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
L. White

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 2417 81



2010 APR 21  AM

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |  |
|---|---|---|
| | ControlNumber: | 293514 |
| | Defendant: | Birchenough Mortgage Services, Inc. |

Birchenough Mortgage Services, Inc.
f/k/a Barrow & Birchenough Loan Services
500 West Jubal Early Drive
Winchester VA  22601

|  |  |
|---|---|
| | 4/5/2010 |
| Civil Action: | 10-C-528 |

I am enclosing:

| | | | | |
|---|---|---|---|---|
| ____ summons | ____ affidavit | 1 summons and complaint |
| ____ notice | ____ answer | ____ summons returned from post office |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ no return from post office |
| ____ suggestions | ____ certified return receipt | ____ notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ suggestee execution |
| ____ original | ____ request for admissions | ____ Other |
| ____ subpeona duces tecum | | |

**A TRUE COPY**
TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

17-18

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

     Plaintiff,

v.                              Civil Action No. 10-C-528

JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., ERIE INSURANCE PROPERTY
& CASUALTY CO.

     Defendant.

**SERVE:**
Birchenough Mortgage Services, Inc.
F/k/a Barrow & Birchenough Loan Services, Inc.
500 West Jubal Early Drive
Winchester, Virginia 22601

## SUMMONS

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

     You are hereby summoned and required to serve upon **Jennifer S. Wagner/Daniel F. Hedges / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Date: 3-18-10

                                     Clerk of Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

      Plaintiff,

v.                          Civil Action No. $10 - C - 528$

JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., and ERIE INSURANCE
PROPERTY & CASUALTY CO.,

      Defendants.

## COMPLAINT

      This action arises out of the practice characterized by the United States Department of

Housing and Urban Development as predatory lending, whereby a lender solicits an unsophisticated

consumer to enter into unwise high-interest loan. In this case, Defendants solicited the Plaintiff for

an unwise high interest loan with an exploding ARM and fraudulently completed loan documents.

Thereafter, Defendants engaged in illegal and abusive debt collection practices. Plaintiff brings this

action to save his home and for other relief.

### PARTIES

      1.     Plaintiff Dean Smith, Sr., resides at 259 Cook Lane, Berkeley Springs, West Virginia.

Mr. Smith completed the eighth grade and worked in carpentry and heavy equipment before he

retired. Mr. Smith is unsophisticated in financial matters. Mr. Smith lives alone.

      2.     Lender:  Defendant JP Morgan Chase Bank, N.A., d/b/a Chase Bank USA, N.A.,

(Chase) is the lender for Plaintiff's loan. Its principal place of business is 270 Park Avenue, New

York, New York 10017. Chase has branch locations and does business in Kanawha County, West Virginia.

       3.    <u>Servicer</u>: Defendant Chase Home Finance, LLC, (CHF) is the servicer for Plaintiff's loan. CHF has a principal place of business at 194 Wood Avenue South, Iselin, NJ 08830 and is a LLC doing business in West Virginia.

       4.    <u>Broker</u>:

       (a)    Defendant Birchenaugh Mortgage Services, Inc., f/k/a Barrow & Birchenaugh Loan Services, Inc., (BMS) is located at 500 West Jubal Early Drive, Winchester, Virginia. BMS was the mortgage broker for the subject transaction. BMS's mortgage broker license was revoked on July 14, 2008.

       (b)    Defendant Erie Insurance Property & Casualty Company (Erie) has a principal place of business at 100 Erie Insurance Place, Erie, PA 16530. Defendant Erie provided a bond in the amount of $50,000 for Defendant BMS at the time of the loan.

## STATEMENT OF FACTS

       5.    Plaintiff purchased his home (located at 259 Cook Lane) and the three adjoining lots (located at 267 Cook Lane, 2347 Luther Michael Road, and 2349 Luther Michael Road) in 1994 for approximately $45,000.

       6.    Plaintiff lived in the home with his wife from that time on.

       7.    In 2006, Plaintiff's wife became very ill and subsequently died, and the bills for hospital and funeral expenses began piling up.

       8.    At that time, the only lien on the property was for approximately $20,000.

       9.    At that time, Plaintiff's residence (259 Cook Lane) had a market value of

approximately $200,000, and his other properties had values of approximately $60,000, $65,000, and $60,000.

10.     In early 2007, Plaintiff contacted his local bank to obtain a loan to assist with the bills.

11.     (a)     Plaintiff requested a loan of $60,000, but the bank did not wish to lend that amount, and the woman at the bank referred Plaintiff to Defendant BMS.

         (b)     Plaintiff contacted Defendant BMS and left a message.

**Application in McDonald's Parking Lot**

12.     Defendant BMS's agent then called Plaintiff back, took some information over the phone, and asked him to meet her at a McDonald's Restaurant to sign some papers.

13.     Plaintiff, with his son and power of attorney, went to McDonald's as instructed, in late June 2007.

14.     Defendant BMS's agent and Plaintiff sat in Defendant BMS's agent's car and she instructed him where to sign papers.

15.     At that time, Defendant told Plaintiff that he qualified for a loan of $100,000, and instructed him to take the full amount out.

16.     (a)     Plaintiff did not understand how he qualified for a loan of that size, and he offered Defendant BMS copies of his social security and pension information, which indicated that Plaintiff had income of approximately $850 per month.

         (b)     In response, Defendant's agent refused to look at the statements and stated that she had all the information she needed.

17.     Pursuant to advise from an appraiser, Plaintiff instructed Defendant that he wished

3

to secure the loan by the lot and home where he resides (259 Cook Lane), not by the other three lots, and Defendant agreed.

18.    Plaintiff said that he would retrieve a recent appraisal of that lot for Defendant, but Defendant stated that she would obtain the appraisal herself.

19.    Defendant BMS stated that she would get him a good deal for a loan, and that the interest rate would be around 6.5%.

**Closing**

20.    Approximately two weeks later, Defendant BMS called Plaintiff and instructed him where to attend the loan closing.

21.    On July 5, 2007, Plaintiff attended the closing with his son and power of attorney, Dwayne Smith.

22.    Plaintiff received no disclosures prior to closing.

23.    (a)    Defendants closed a loan for $100,100, with an adjustable rate of interest that began at 8.875% and could adjust up to 15.875%, beginning after five years.

(b)    The initial payments were $796.44, which was nearly the total monthly income of Plaintiff.

24.    (a)    The Truth In Lending Disclosure Statement states that the security interest in the property is located at 259 Cook Lane, Berkeley Springs, West Virginia.

(b)    This address is the property address for the lot intended to be the security interest for the loan; the other three lots have different property addresses.

25.    At the time of the closing, upon information and belief, Defendants had only obtained an appraisal of the property at 259 Cook Lane, Berkeley Springs, West Virginia, and had not

4

requested or obtained appraisals for the other three properties.

26.     Plaintiff was provided with no copies of the papers at closing, and was instructed to come back in a few days to pick up the papers.

27.     Plaintiff went to pick up the papers, which were enclosed in an envelope that stated on the front "To be picked up on or after Tues., 11 July." (See Copy of Envelope Containing Disclosures, attached at Ex. A.)

28.     The notary on the deed of trust has confirmed that it is the closing agent's practice to provide disclosures to borrowers after the rescission period has expired.

29.     (a)     The Notice of Right to Cancel Notice states that Plaintiff's rescission period expired on midnight of July 9, 2007.

        (b)     Plaintiffs did not receive the Notice of Right to Cancel until July 11, 2007, two days after July 9, 2007.

        (c)     The Notice of Right to Cancel does not contain a clear and conspicuous disclosure of the date the rescission period expires, in violation of federal law.

**Impact of the Loan, Discovery, and Retention of Counsel**

30.     After closing, Plaintiff began to make regular payments, using the cash out received at closing to afford the monthly payments, as well as assistance from family members.

31.     Plaintiff began falling behind in around March 2009.

32.     (a)     Plaintiff called Defendant CHF and Defendant stated that it would provide him with a loan modification that would make his payments affordable.

        (b)     Defendant CHF never provided a loan modification, explaining that Plaintiff was denied because he had insufficient income to support the monthly payments.

5

       (c)     At this time, Plaintiff's monthly income had increased slightly, not decreased, from his income at the time of the loan origination.

    33.   (a)    In August 2009 Plaintiff received a notice that Defendant was going to foreclose on his home in September 2009.

       (b)     This notice stated that foreclosure would occur on all four lots owned by Plaintiff.

       (c)     This was the first Plaintiff learned that the loan was secured by all four of his lots, rather than the single lot he requested to secure the loan.

    34.     After contacting the parties involved in the foreclosure, Defendants provided Plaintiff one option to avoid foreclosure: a short-sale of all of his property.  Defendant did not offer a loan modification.

    35.     At that time, Defendants were aware that Plaintiff had considerable equity in the home and property.

    36.     In September 2009, Plaintiff learned that his interest rate could adjust up to 15.875%.

    37.     In September 2009, Plaintiff learned that the mortgage loan application, completed by the loan broker, incorrectly stated that Plaintiff's income was $2800 ($1400 for pension retirement and $1400 for social security) per month, when in fact Plaintiff's income at the time was approximately $700 in social security and $150 in pension per month.

    38.   (a)    Thereafter, Plaintiff mailed a letter to Defendant Chase stating that he was represented by counsel, providing counsel's contact information, and requesting that Chase direct all further communication to counsel.

       (c)     Defendant received said letter on September 25, 2009, as evidenced by

certified mail return receipt.

39.     Despite Defendant's knowledge that Plaintiff was represented by counsel, Defendant contacted Plaintiff directly to contact a debt, including on the following occasions:

(a)     On October 1, 2009, a man came by the property and dropped off a card stating that Plaintiff should contact Defendant CHF;

(b)     On November 16, 2009, at 11:54 a.m., Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(c)     On November 29, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(d)     On December 12, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(e)     On December 16, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(f)     On January 6, 2010, Defendant contacted Plaintiff's son and power of attorney Dwayne Smith by telephone, who requested that Defendant direct all further communications to counsel; and

(g)     On January 29, 2010, a real estate agent of Defendant's contacted Plaintiff's son and power of attorney Dwayne Smith and stated that Defendant was pursuing foreclosure on

7

Plaintiff's home.

40.   (a)   Plaintiff further rescinded the loan by letter to Defendant Chase.

(b)   Defendant received said letter on February 10, 2010, as evidenced by certified mail return receipt.

41.   Defendant took no action contemplated by 15 U.S.C. § 1635 within twenty days of cancellation.

42.   Defendant refused to release the security interest and continues to so refuse.

43.   Instead, Defendant continued to pursue foreclosure on Plaintiffs' home.

44.   Plaintiff is in poor health and has no other place to go, and has as a result suffered significant stress, worry, fear, and other damages as the result of the foregoing conduct.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF TRUTH IN LENDING ACT

45.   Plaintiff incorporates the preceding paragraphs by reference.

46.   Appropriate disclosures in conjunction with this consumer credit transaction were not provided to Plaintiffs consistent with written notice of their right to rescind the transaction as required by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23(b).

47.   Defendants failed to: (i) timely offer the written right of rescission to said Plaintiffs as required by the Consumer Credit and Protection Act, 15 U.S.C. § 1601 et.seq., specifically § 125 of the Act, 15 U.S.C. § U.S.C. § 1635, and the regulations promulgated pursuant thereto, specifically Regulation Z, 12 C.F.R. § 226.23 (b), and (ii)  delay performance until the expiration of the rescission period, Regulation Z, 12 C.F.R. § 226.23(c), specifically three days after the delivery of all material disclosures and the proper notice of right of rescission, 15 U.S.C. § 1635(a); Reg. Z, 12

8

C.F.R. § 226.23(a)(3).

48.    Thereupon, the right of the Plaintiff to rescind continued and has now been appropriately exercised by said Plaintiff. 15 U.S.C. § 1635 (f); Reg. Z § 226.23 (a)(3).

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a)    A declaration that said Plaintiff have properly canceled and their rights have vested;

(b)    Attorneys fees, litigation expenses and costs; and

(c)    Such other relief as the Court deems appropriate.

## COUNT II – VIOLATION OF THE TRUTH IN LENDING ACT

49.    Plaintiff incorporates the preceding paragraphs by reference.

50.    (a)    On or about September 2009, Plaintiffs gave written notice of cancellation of the loan transaction.

(b)    Defendant did not take timely action and continue to refuse to release the security interest.

51.    Defendants violated 15 U.S.C. § 1635 by failing to properly respond to the notice of cancellation.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a)    Actual damages and civil penalties of $4,000 for Defendant's failure to properly respond to the notice of cancellation;

(b)    Attorneys fees and costs;

(c)    Such other relief as the Court may deem appropriate and just.

## COUNT III - UNCONSCIONABLE INDUCEMENT

9

52.     Plaintiff incorporates the preceding paragraphs by reference.

53.     Defendants have engaged in a pattern of deceptive inducement of unsophisticated consumers into exploitive loans.

54.     Plaintiff is unsophisticated consumer with little understanding of financial matters.

55.     The loan was brought about with the participation of all Defendants.

56.     The loan was induced by unfair conduct, such that the transaction was procedurally unfair, including:

      (a)     failure to provide appropriate disclosures;

      (b)     misrepresentations in the loan application, including regarding Plaintiff's income;

      (c)     failure to consider Plaintiff's ability to pay;

      (d)     misrepresentations regarding the security interest on the loan and the loan terms;

      (d)     withholding transaction documents; and

      (e)     failure to follow prudent lending practices.

57.     The loan issued by the Defendants contained  unfair terms, which constituted an unfair surprise to Plaintiffs, including a monthly payment that would increase despite Defendant's knowledge that Plaintiff lived on a fixed income, a monthly payment that far exceeded Plaintiff's ability to pay, and a security interest on all four lots, despite that Defendants had assured Plaintiff that the loan would be secured by only one lot, which had more than sufficient value to secure the loan.

58.     The loan left Plaintiff in a far worse position than he had been in previously.

59.     The loan issued to Plaintiff was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

WHEREFORE, the Plaintiff respectfully requests the following relief:

(a)    A declaration that Plaintiff's loan was induced by unconscionable conduct and/or contained unconscionable terms;

(b)    Actual damages and appropriate civil penalties;

(c)    Appropriate equitable relief;

(d)    Reasonable attorney fees and the cost of this litigation; and

(e)    Such other relief as the Court may deem equitable and just.

### COUNT IV - FRAUD

60.     Plaintiff incorporates the preceding paragraphs by reference.

61.     (a)    Defendants represented to Plaintiff that the loan would be secured by the lot on which Plaintiff resided.

(b)    This representation was false.  Instead, Defendants secured the loan by all four lots owned by Plaintiff.

62.     Defendants represented to Plaintiffs that they were following commercially acceptable business practices and/or suppressed that they were not following commercially acceptable business practices, including grossly inflating Plaintiff's income on the application.

63.     Defendants misrepresented that the interest rate on the loan would be approximately 6.5% and suppressed that the loan had an adjustable rate of interest that could only increase, up to 15.875%, such that Plaintiff's monthly payments could only rise, by refusing to provide Plaintiff

11

with an explanation of the loan terms, refusing to provide disclosures prior to closing, and only providing copies of the loan documents well after closing.

64.     Each of Defendants' misrepresentations and/or suppressions were reckless, wanton and/or intentional.

65.     Each of Defendants' misrepresentations and/or suppressions were material to Plaintiff's decision to enter the loan.

66.     Plaintiff relied on Defendants' misrepresentations and/or suppressions in deciding to enter the loan.

67.     Plaintiff was damaged as a proximate result of each of the Defendants' misrepresentations and/or suppressions.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Appropriate equitable relief enjoining the enforcement of the loan;

(b)     Actual and punitive damages;

(c)     Attorneys fees and costs; and,

(d)     Such other relief as the Court may deem appropriate and just.

## COUNT V - NEGLIGENCE

68.     Plaintiff incorporates the preceding paragraphs by reference.

69.     Defendants owed a duty of care of Plaintiff to prepare the loan documents properly, including securing the loan by the appropriate property.

70.     Defendants breached their duty of care by securing the loan by all four of Plaintiff's lots.

71.     Defendants' breach was, at a minimum, negligent.

12

72.     Defendants' breach was the proximate cause of damage to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)     Appropriate equitable relief enjoining the enforcement of the loan;

    (b)     Actual damages;

    (c)     Attorneys fees and costs; and,

    (d)     Such other relief as the Court may deem appropriate and just.

### COUNT VI - BREACH OF FIDUCIARY DUTY (BROKER)

73.     Plaintiff incorporates the preceding paragraphs by reference.

74.     Defendant BMS owed a fiduciary duty to Plaintiff as a broker (a) to disclose the existence and terms of the broker relationship; (b) to act on his behalf and to obtain and pursue loans with the best available terms; (c) to provide him a written agreement disclosing the services to be performed and the total cost thereof; (d) to provide him notice and an opportunity to cancel the broker agreement; and (d) to disclose to him the range of options and risks associated with the loan.

75.     The defendant broker breached its fiduciary duty to Plaintiff by engaging in the following activities (this list is not necessarily exhaustive):

    (a)     failing to seek out and obtain credit for Plaintiff on the best terms available;

    (b)     obtaining credit terms without regard for Plaintiff's ability to pay;

    (c)     misrepresenting and suppressing material facts to Plaintiff; and

    (d)     making misrepresentations in the loan application.

76.     Plaintiff was injured by the defendant broker's breach of its fiduciary duty when he were induced into a loan agreement not supported by the true value of the home on terms favorable to the brokers and lender without regard to terms more favorable to Plaintiff that may have been

13

obtained from other lenders.

77.    As a direct and proximate result of the defendant broker's breach of its fiduciary duty, Plaintiff suffered substantial monetary losses and damages to his property, including potential loss of his home.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)    A declaration that the defendant broker had a fiduciary duty to the Plaintiff;

(b)    A declaration that the defendant broker breached its fiduciary duty to Plaintiff by, *inter alia*, (i)  failing to disclose adequately, and consistent with West Virginia law, the nature and terms of the agreement between Plaintiff and Defendants; (ii) failing to seek out and obtain credit for Plaintiff on the best terms available; and (iii) obtaining credit terms without regard for the Plaintiff's ability to pay.

(c)    A declaration that by breaching its fiduciary duty to Plaintiff, the defendant broker engaged in unconscionable conduct in the inducement of the loan agreement;

(d)    Actual and punitive damages;

(e)    Reasonable attorney fees and the costs of this litigation; and

(f)    Such other relief as this Court deems equitable and just.

## COUNT VII - JOINT VENTURE & AGENCY

78.    Plaintiff incorporates the preceding paragraphs by reference.

79.    Each Defendant had an agreement, either written, oral, constructive, or otherwise for a single business enterprise, that is the closing of the sale and financing of the home at issue in this case.

80.    Each Defendant shared in the profits and/or losses of the single business enterprise.

14

81.     The Defendants combined their money, skill, and/or knowledge to carry out this single business enterprise.

82.     Each of the acts of the Defendants were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others.

83.     The Defendant lender and holder exercised a degree of control over the remaining Defendants in carrying out the single business enterprise.

84.     At all times relevant hereto, the acts of Defendant loan officer were done as agent for the other Defendants, and the acts of the Defendant servicer were done on behalf of the Defendant holder.  Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

WHEREFORE, the Plaintiff respectfully requests that the Court declare Defendants jointly and severally liable.

## COUNT VIII - ILLEGAL DEBT COLLECTION

85.     Defendant CHF, in an effort to collect a debt, communicated directly with the Plaintiff, despite knowledge that he was represented by counsel in violation of West Virginia Code section 46A-2-128(e).

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages and civil penalties of $4,400 for each violation pursuant to West Virginia Code sections 46A-5-101(1) and -106.

(b)    Attorneys fees and the costs of pursuing this litigation; and

(c)    Such other relief as the Court may deem appropriate and just.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Plaintiffs, **DEAN SMITH, SR. by his power of attorney, DWAYNE SMITH,**
By counsel:

Jennifer S. Wagner (State Bar ID No. 10639)
Daniel F. Hedges (State Bar ID No. 1660)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
Telephone:  (304) 344-3144 (main)
Facsimile:  (304) 344-3145



To be picked up on or after Swe, 11 Ju



STOTLER & STOTLER, L.C.
260 South Washington Street, Suite 1
Berkeley Springs, WV 25411





FIRST CLASS MAIL

Mr. Dean E. Smith, Sr.
259 Cook Lane
Berkeley Springs, W.Va. 25411



        



EXHIBIT

A

10 - C - S28

FILED

2010 APR 12  PH 2: 41

A TRUE COPY
TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By CW

**Barnett, Carlye**

| | | | |
|---|---|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] | **Sent:** | Mon 4/12/2010 11:51 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 10-C-528 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

JP MORGAN CHASE BANK, N.A.
D/B/A CHASE BANK U.S.A.
270 PARK AVENUE
NEW YORK, NY 10017

The letter was sent on 4/5/2010

Civil Action Number: 10-C-528
Restricted: N
Certified Number : 91719237900010000241798

15·16

This information supplied from Pitney Bowes Distribution Solutions


**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 04/12/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0024 1798. Our records indicate that this item was delivered on 04/09/2010 at 11:32 a.m. in NEW YORK, NY, 10017. The scanned image of the recipient information is provided below.

Signature of Recipient:

L. Delgado

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

10-C-528

*FILED*

2010 APR 12 PM 2:41

CLERK'S ... [illegible]
KANAWHA ... [illegible] COURT

A TRUE COPY
TESTE: *[signature]* CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
*[initials]*

---

## Barnett, Carlye

| | | | |
|---|---|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] | **Sent:** | Mon 4/12/2010 11:51 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 10-C-528 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

ERIE INSURANCE PROPERTY & CASUALTY COMPANY
JAMES J TANOUS
100 ERIE INSURANCE PLACE
ERIE, PA 16530

The letter was sent on 4/5/2010

Civil Action Number: 10-C-528
Restricted: N
Certified Number : 91719237900010000241774

13-14

This information supplied from Pitney Bowes Distribution Solutions


**UNITED STATES POSTAL SERVICE**

Date Produced: 04/12/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0024 1774. Our records indicate that this item was delivered on 04/09/2010 at 06:12 a.m. in ERIE, PA, 16530. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

ERIE INSURANCE
ERIE PA 16530

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721



A TRUE COPY

TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

By CWood

---

**Barnett, Carlye**

| | |
|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] |
| **To:** | sop_delivered@wvsos.com |
| **Cc:** | |
| **Subject:** | Case # 10-C-528 Return Receipt Notification From WV Secretary of State's Office |
| **Attachments:** | |

**Sent:** Mon 4/12/2010 11:51 AM

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

CHASE HOME FINANCE, LLC
194 WOOD AVENUE SOUTH
ISELIN, NJ 08830

The letter was sent on 4/5/2010

Civil Action Number: 10-C-528
Restricted: N
Certified Number : 9171923790001000241767

This information supplied from Pitney Bowes Distribution Solutions

11-12

 **UNITED STATES POSTAL SERVICE**

Date Produced: 04/12/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010
0024 1767. Our records indicate that this item was delivered on 04/09/2010 at 11:38 a.m. in
ISELIN, NJ, 08830. The scanned image of the recipient information is provided below.

Signature of Recipient:     *H. Webster*

Address of Recipient:     *194 wood*

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305





9171 9237 9000 1000 2417 98

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |
|---|---|
| ControlNumber: | 293515 |
| Defendant: | JP Morgan Chase Bank, N.A. |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

|  |  |
|---|---|
|  | 4/5/2010 |
| Civil Action: | 10-C-528 |

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | _1_ summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpeona duces tecum | | |

A TRUE COPY
TESTE: Cathy Watson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By CW

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

9-10

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

     Plaintiff,

v.                                                   Civil Action No. 10-C-528

JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., ERIE INSURANCE PROPERTY
& CASUALTY CO.

     Defendant.

                                      SERVE:
                                        JPMorgan Chase Bank, N.A.
                                        d/b/a Chase Bank USA, N.A.
                                        270 Park Avenue
                                        New York, New York 10017

## SUMMONS

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

     You are hereby summoned and required to serve upon **Jennifer S. Wagner/Daniel F. Hedges / Mountain State Justice, Inc.,** whose address is **1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Date:  3-18-10

                                     Clerk of Court



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305

9171 9237 9000 1000 2417 81

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 293514 |
| Defendant: | Birchenough Mortgage Services, Inc. |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

|  | |
|---|---|
| | 4/5/2010 |
| Civil Action: | 10-C-528 |

**A TRUE COPY**
TESTE _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By _____

I am enclosing:

_____ summons          _____ affidavit          _1_ summons and complaint

_____ notice           _____ answer             _____ summons returned from post office

_____ order            _____ cross-claim        _____ summons and amended complaint

_____ petition         _____ counterclaim       _____ 3rd party summons and complaint

_____ motion           _____ request            _____ no return from post office

_____ suggestions      _____ certified return receipt   _____ notice of mechanic's lien

_____ interrogatories  _____ request for production     _____ suggestee execution

_____ original         _____ request for admissions     _____ Other

_____ subpeona duces tecum

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,**

     **Plaintiff,**

v.

                                   Civil Action No. 10 C-528

**JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., ERIE INSURANCE PROPERTY
& CASUALTY CO.**

     **Defendant.**

                                   **SERVE:**
                                   **Birchenough Mortgage Services, Inc.
                                   F/k/a Barrow & Birchenough Loan Services, Inc.
                                   500 West Jubal Early Drive
                                   Winchester, Virginia 22601**

## SUMMONS

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

     You are hereby summoned and required to serve upon **Jennifer S. Wagner/Daniel F.
Hedges / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200,
Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may
have, to the Complaint filed against you in the above-styled civil action, a true copy of which is
herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after
service of this Summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the Complaint and you
will be thereafter barred from asserting in another action any claim you may have which must be
asserted by counterclaim in the above-styled civil action.

                                       _____
Date: 3-18-10                            Clerk of Court



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305

9171 9237 9000 1000 2417 74

FILED
2010 APR -7  PM 1: 15

CATHY S. GATSON, CLERK
KANAWHA CO. CIRCUIT CT.

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |
|---|---|
| ControlNumber: | 293513 |
| Defendant: | Erie Insurance Property & Casualty |
| | 4/5/2010 |
| Civil Action: | 10-C-528 |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

A TRUE COPY
TESTE: Cathy S Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By Clara

I am enclosing:

| | | | | |
|---|---|---|---|---|
| _____ summons | _____ affidavit | 1 | summons and complaint |
| _____ notice | _____ answer | _____ | summons returned from post office |
| _____ order | _____ cross-claim | _____ | summons and amended complaint |
| _____ petition | _____ counterclaim | _____ | 3rd party summons and complaint |
| _____ motion | _____ request | _____ | no return from post office |
| _____ suggestions | _____ certified return receipt | _____ | notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ | suggestee execution |
| _____ original | _____ request for admissions | _____ | Other |
| _____ subpeona duces tecum | | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E Tennant

Natalie E. Tennant
Secretary of State

5-6

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

     Plaintiff,

v.                                                              Civil Action No. 10-C-528

JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., ERIE INSURANCE PROPERTY
& CASUALTY CO.

     Defendant.

**SERVE:**
Erie Insurance Property & Casualty Co.
100 Erie Insurance Place
Erie, PA 16530

## SUMMONS

To: The Above-Named Defendant:

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

     You are hereby summoned and required to serve upon **Jennifer S. Wagner/Daniel F. Hedges / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Date: 3-18-10

Clerk of Court

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 2417 67



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 293512 |
| Defendant: | Chase Home Finance, LLC |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

| | |
|---|---|
| | 4/5/2010 |
| Civil Action: | 10-C-528 |

I am enclosing:

**A TRUE COPY**
TESTE: Cathy S. Gatson, CLERK
CIRCUIT COURT OF KANAWHA COUNTY, W.VA.
By Unsook

| | | | |
|---|---|---|---|
| _____ summons | _____ affidavit | 1 summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

3-4

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2010 APR -7 PM 1: 15

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT

**DEAN SMITH, SR. by his power of attorney, DWAYNE SMITH,**

     **Plaintiff,**

v.                                  Civil Action No. _10-C-528_

**JP MORGAN CHASE BANK, N.A., d/b/a CHASE BANK USA, N.A., CHASE HOME FINANCE, LLC, BIRCHENOUGH MORTGAGE SERVICES, INC., f/k/a BARROW & BIRCHENOUGH LOAN SERVICES, INC., ERIE INSURANCE PROPERTY & CASUALTY CO.**

     **Defendant.**

**SERVE:**
Chase Home Finance, LLC
194 Wood Avenue South
Iselin, NJ 08830

### SUMMONS

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

     You are hereby summoned and required to serve upon **Jennifer S. Wagner/Daniel F. Hedges / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Clerk of Court

by DS

Date: _3-18-10_



● 1031 Quarrier Street, Suite 200
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145

321 W. Main Street, Suite 620
Clarksburg, WV 26301
Telephone: (304) 326-0188
Facsimile: (304) 326-0189

Jennifer S. Wagner, Esq.
jennifer@msjlaw.org

March 19, 2010

*Via hand delivery*
Cathy Gatson, Clerk
Kanawha County Circuit Court
111 Court Street
Charleston, WV 25301

Re:  Dean Smith, Sr., et al. v. JPMorgan Chase Bank, N.A., et al.
In the Circuit Court of Kanawha County, West Virginia
Civil Action No.: 10-C-528

A TRUE COPY
TESTE _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By CW

Dear Clerk:

Enclosed for filing, please find the original and two (2) copies of Exhibit A, which was inadvertently omitted from the Complaint when it was filed yesterday. Please place the original Exhibit in the Court file and return the copies, date stamped, to me for service with the Complaint.

Thank you for your attention to this matter. If you have questions, please do not hesitate to contact us.

Sincerely,

JENNIFER S. WAGNER

JSW/rsy

Enclosures as stated

To be picked up on
or after Tues., Il July



STOTLER & STOTLER, L.C.
260 South Washington Street, Suite 1
Berkeley Springs, WV 25411

FIRST CLASS MAIL

Mr. Dean E. Smith, Sr.
259 Cook Lane
Berkeley Springs, W.Va. 25411



**EXHIBIT**

A

tabbies

To be picked up on
or after Tues., 11 Feb.

**STOTLER & STOTLER, L.C.**
260 South Washington Street, Suite 1
Berkeley Springs, WV 25411

FIRST CLASS MAIL

Mr. Dean E. Smith, Sr.
259 Cook Lane
Berkeley Springs, W.Va. 25411



EXHIBIT

A



To be picked up on
or after Tues, 11-feb

STOTLER & STOTLER, L.C.
260 South Washington Street, Suite 1
Berkeley Springs, WV 25411

FIRST CLASS MAIL

Mr. Dean E. Smith, Sr.
259 Cook Lane
Berkeley Springs, W.Va. 25411



EXHIBIT

A

tabbies

**MEMORANDUM TO CLERK**
**FOR INSTITUTING CIVIL ACTION**

A TRUE COPY
TESTE _Cathy S. Gatson_ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By _Cribbs_

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

     Plaintiff,

v.                                Civil Action No. _10-C-528_

JP MORGAN CHASE BANK, N.A.,              _Judge King_
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., ERIE INSURANCE PROPERTY
& CASUALTY CO.

     Defendant.

| | Days to Answer | Type of Service |
|---|---|---|
| JPMorgan Chase Bank, N.A.<br>   D/b/a Chase Bank USA, N.A. | 30 | Secretary of State |
| Chase Home Finance, LLC | 30 | Secretary of State |
| Birchenough Mortgage Services, Inc.<br>   F/k/a Barrow & Birchenough Loan Services, Inc. | 30 | Secretary of State |
| Erie Insurance Property & Casualty Co. | 30 | Secretary of State |

Please issue summons in the above-styled action as indicated.

Original and _2_ copies of Complaint furnished herewith.

PAUPERS
ISSUED SUMMONS
4CC & 8C
Returned to ATTY

| PLAINTIFFS: Dean Smith, Sr., by his power of attorney, Dwayne Smith | CASE NUMBER: |
|---|---|
| DEFENDANTS: JPMorgan Chase Bank, N.A., et al. | 10 - C - 528 |

II.   TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| /_/ Asbestos | /_/ Adoption | /_/ Appeal from Magistrate Court |
| /_/ Professional Malpractice | /X/ Contract | /_/ Petition for Modification of Magistrate Sentence |
| /_/ Personal Injury | /_/ Real Property | /_/ Miscellaneous Civil |
| /_/ Product Liability | /_/ Mental Health | /_/ Other |
| _/ Other Tort | /_/ Appeal of Administrative Agency | |

III.   JURY DEMAND:        /X/  Yes          /_/  No

CASE WILL BE READY FOR TRIAL BY __February 2011__

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE?        /_/ YES      /X/ NO
IF YES, PLEASE SPECIFY:

/_/   Wheelchair accessible hearing room and other facilities
/_/   Interpreter or other auxiliary aid for the hearing impaired
/_/   Reader or other auxiliary aid for the visually impaired
/_/   Spokesperson or other auxiliary aid for the speech impaired
/_/   Other: _____

Attorney Name:   Jennifer S. Wagner          Representing:

Firm:      Mountain State Justice, Inc.      /X/ Plaintiffs    /_/ Defendant

Address:   1031 Quarrier Street             /_/ Cross-Complainant   /_/ Cross-Defendant
           Suite 200
           Charleston, WV  25301

Telephone:  304/344-3144                    Dated: March 18, 2010

                                            Signature

/_/ Pro Se

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR. by his power of
attorney, DWAYNE SMITH,

      Plaintiff,

v.                                Civil Action No. 10-C-518

JP MORGAN CHASE BANK, N.A.,
d/b/a CHASE BANK USA, N.A.,
CHASE HOME FINANCE, LLC,
BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW
& BIRCHENOUGH LOAN SERVICES,
INC., and ERIE INSURANCE
PROPERTY & CASUALTY CO.,

      Defendants.

A TRUE COPY
TESTE: _____ CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA
By CWool

## COMPLAINT

This action arises out of the practice characterized by the United States Department of
Housing and Urban Development as predatory lending, whereby a lender solicits an unsophisticated
consumer to enter into unwise high-interest loan. In this case, Defendants solicited the Plaintiff for
an unwise high interest loan with an exploding ARM and fraudulently completed loan documents.
Thereafter, Defendants engaged in illegal and abusive debt collection practices. Plaintiff brings this
action to save his home and for other relief.

### PARTIES

1.      Plaintiff Dean Smith, Sr., resides at 259 Cook Lane, Berkeley Springs, West Virginia.
Mr. Smith completed the eighth grade and worked in carpentry and heavy equipment before he
retired. Mr. Smith is unsophisticated in financial matters. Mr. Smith lives alone.

2.      <u>Lender</u>: Defendant JP Morgan Chase Bank, N.A., d/b/a Chase Bank USA, N.A.,
(Chase) is the lender for Plaintiff's loan. Its principal place of business is 270 Park Avenue, New

York, New York 10017. Chase has branch locations and does business in Kanawha County, West Virginia.

3.   <u>Servicer</u>: Defendant Chase Home Finance, LLC, (CHF) is the servicer for Plaintiff's loan. CHF has a principal place of business at 194 Wood Avenue South, Iselin, NJ 08830 and is a LLC doing business in West Virginia.

4.   <u>Broker</u>:

(a)   Defendant Birchenaugh Mortgage Services, Inc., f/k/a Barrow & Birchenaugh Loan Services, Inc., (BMS) is located at 500 West Jubal Early Drive, Winchester, Virginia. BMS was the mortgage broker for the subject transaction. BMS's mortgage broker license was revoked on July 14, 2008.

(b)   Defendant Erie Insurance Property & Casualty Company (Erie) has a principal place of business at 100 Erie Insurance Place, Erie, PA 16530. Defendant Erie provided a bond in the amount of $50,000 for Defendant BMS at the time of the loan.

## STATEMENT OF FACTS

5.   Plaintiff purchased his home (located at 259 Cook Lane) and the three adjoining lots (located at 267 Cook Lane, 2347 Luther Michael Road, and 2349 Luther Michael Road) in 1994 for approximately $45,000.

6.   Plaintiff lived in the home with his wife from that time on.

7.   In 2006, Plaintiff's wife became very ill and subsequently died, and the bills for hospital and funeral expenses began piling up.

8.   At that time, the only lien on the property was for approximately $20,000.

9.   At that time, Plaintiff's residence (259 Cook Lane) had a market value of

approximately $200,000, and his other properties had values of approximately $60,000, $65,000, and $60,000.

  10. In early 2007, Plaintiff contacted his local bank to obtain a loan to assist with the bills.

  11. (a) Plaintiff requested a loan of $60,000, but the bank did not wish to lend that amount, and the woman at the bank referred Plaintiff to Defendant BMS.

    (b) Plaintiff contacted Defendant BMS and left a message.

**Application in McDonald's Parking Lot**

  12. Defendant BMS's agent then called Plaintiff back, took some information over the phone, and asked him to meet her at a McDonald's Restaurant to sign some papers.

  13. Plaintiff, with his son and power of attorney, went to McDonald's as instructed, in late June 2007.

  14. Defendant BMS's agent and Plaintiff sat in Defendant BMS's agent's car and she instructed him where to sign papers.

  15. At that time, Defendant told Plaintiff that he qualified for a loan of $100,000, and instructed him to take the full amount out.

  16. (a) Plaintiff did not understand how he qualified for a loan of that size, and he offered Defendant BMS copies of his social security and pension information, which indicated that Plaintiff had income of approximately $850 per month.

    (b) In response, Defendant's agent refused to look at the statements and stated that she had all the information she needed.

  17. Pursuant to advise from an appraiser, Plaintiff instructed Defendant that he wished

3

to secure the loan by the lot and home where he resides (259 Cook Lane), not by the other three lots, and Defendant agreed.

18.    Plaintiff said that he would retrieve a recent appraisal of that lot for Defendant, but Defendant stated that she would obtain the appraisal herself.

19.    Defendant BMS stated that she would get him a good deal for a loan, and that the interest rate would be around 6.5%.

**Closing**

20.    Approximately two weeks later, Defendant BMS called Plaintiff and instructed him where to attend the loan closing.

21.    On July 5, 2007, Plaintiff attended the closing with his son and power of attorney, Dwayne Smith.

22.    Plaintiff received no disclosures prior to closing.

23.    (a)    Defendants closed a loan for $100,100, with an adjustable rate of interest that began at 8.875% and could adjust up to 15.875%, beginning after five years.

(b)    The initial payments were $796.44, which was nearly the total monthly income of Plaintiff.

24.    (a)    The Truth In Lending Disclosure Statement states that the security interest in the property is located at 259 Cook Lane, Berkeley Springs, West Virginia.

(b)    This address is the property address for the lot intended to be the security interest for the loan; the other three lots have different property addresses.

25.    At the time of the closing, upon information and belief, Defendants had only obtained an appraisal of the property at 259 Cook Lane, Berkeley Springs, West Virginia, and had not

4

requested or obtained appraisals for the other three properties.

26.     Plaintiff was provided with no copies of the papers at closing, and was instructed to come back in a few days to pick up the papers.

27.     Plaintiff went to pick up the papers, which were enclosed in an envelope that stated on the front "To be picked up on or after Tues., 11 July." (See Copy of Envelope Containing Disclosures, attached at Ex. A.)

28.     The notary on the deed of trust has confirmed that it is the closing agent's practice to provide disclosures to borrowers after the rescission period has expired.

29.     (a)     The Notice of Right to Cancel Notice states that Plaintiff's rescission period expired on midnight of July 9, 2007.

        (b)     Plaintiffs did not receive the Notice of Right to Cancel until July 11, 2007, two days after July 9, 2007.

        (c)     The Notice of Right to Cancel does not contain a clear and conspicuous disclosure of the date the rescission period expires, in violation of federal law.

**Impact of the Loan, Discovery, and Retention of Counsel**

30.     After closing, Plaintiff began to make regular payments, using the cash out received at closing to afford the monthly payments, as well as assistance from family members.

31.     Plaintiff began falling behind in around March 2009.

32.     (a)     Plaintiff called Defendant CHF and Defendant stated that it would provide him with a loan modification that would make his payments affordable.

        (b)     Defendant CHF never provided a loan modification, explaining that Plaintiff was denied because he had insufficient income to support the monthly payments.

5

(c)     At this time, Plaintiff's monthly income had increased slightly, not decreased, from his income at the time of the loan origination.

33.     (a)     In August 2009 Plaintiff received a notice that Defendant was going to foreclose on his home in September 2009.

(b)     This notice stated that foreclosure would occur on all four lots owned by Plaintiff.

(c)     This was the first Plaintiff learned that the loan was secured by all four of his lots, rather than the single lot he requested to secure the loan.

34.     After contacting the parties involved in the foreclosure, Defendants provided Plaintiff one option to avoid foreclosure: a short-sale of all of his property.  Defendant did not offer a loan modification.

35.     At that time, Defendants were aware that Plaintiff had considerable equity in the home and property.

36.     In September 2009, Plaintiff learned that his interest rate could adjust up to 15.875%.

37.     In September 2009, Plaintiff learned that the mortgage loan application, completed by the loan broker, incorrectly stated that Plaintiff's income was $2800 ($1400 for pension retirement and $1400 for social security) per month, when in fact Plaintiff's income at the time was approximately $700 in social security and $150 in pension per month.

38.     (a)     Thereafter, Plaintiff mailed a letter to Defendant Chase stating that he was represented by counsel, providing counsel's contact information, and requesting that Chase direct all further communication to counsel.

(c)     Defendant received said letter on September 25, 2009, as evidenced by

6

certified mail return receipt.

39.     Despite Defendant's knowledge that Plaintiff was represented by counsel, Defendant contacted Plaintiff directly to contact a debt, including on the following occasions:

(a)     On October 1, 2009, a man came by the property and dropped off a card stating that Plaintiff should contact Defendant CHF;

(b)     On November 16, 2009, at 11:54 a.m., Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(c)     On November 29, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(d)     On December 12, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(e)     On December 16, 2009, Defendant contacted Plaintiff's son and power of attorney Roy Smith by telephone, who requested that Defendant direct all further communications to counsel;

(f)     On January 6, 2010, Defendant contacted Plaintiff's son and power of attorney Dwayne Smith by telephone, who requested that Defendant direct all further communications to counsel; and

(g)     On January 29, 2010, a real estate agent of Defendant's contacted Plaintiff's son and power of attorney Dwayne Smith and stated that Defendant was pursuing foreclosure on

7

Plaintiff's home.

40. (a) Plaintiff further rescinded the loan by letter to Defendant Chase.

(b) Defendant received said letter on February 10, 2010, as evidenced by certified mail return receipt.

41. Defendant took no action contemplated by 15 U.S.C. § 1635 within twenty days of cancellation.

42. Defendant refused to release the security interest and continues to so refuse.

43. Instead, Defendant continued to pursue foreclosure on Plaintiffs' home.

44. Plaintiff is in poor health and has no other place to go, and has as a result suffered significant stress, worry, fear, and other damages as the result of the foregoing conduct.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF TRUTH IN LENDING ACT

45. Plaintiff incorporates the preceding paragraphs by reference.

46. Appropriate disclosures in conjunction with this consumer credit transaction were not provided to Plaintiffs consistent with written notice of their right to rescind the transaction as required by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23(b).

47. Defendants failed to: (i) timely offer the written right of rescission to said Plaintiffs as required by the Consumer Credit and Protection Act, 15 U.S.C. § 1601 et.seq., specifically § 125 of the Act, 15 U.S.C. § U.S.C. § 1635, and the regulations promulgated pursuant thereto, specifically Regulation Z, 12 C.F.R. § 226.23 (b), and (ii)  delay performance until the expiration of the rescission period, Regulation Z, 12 C.F.R. § 226.23(c), specifically three days after the delivery of all material disclosures and the proper notice of right of rescission, 15 U.S.C. § 1635(a); Reg. Z, 12

8

C.F.R. § 226.23(a)(3).

48.     Thereupon, the right of the Plaintiff to rescind continued and has now been appropriately exercised by said Plaintiff. 15 U.S.C. § 1635 (f); Reg. Z § 226.23 (a)(3).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)     A declaration that said Plaintiff have properly canceled and their rights have vested;

    (b)     Attorneys fees; litigation expenses and costs; and

    (c)     Such other relief as the Court deems appropriate.

## COUNT II – VIOLATION OF THE TRUTH IN LENDING ACT

49.     Plaintiff incorporates the preceding paragraphs by reference.

50.     (a)     On or about September 2009, Plaintiffs gave written notice of cancellation of the loan transaction.

    (b)     Defendant did not take timely action and continue to refuse to release the security interest.

51.     Defendants violated 15 U.S.C. § 1635 by failing to properly respond to the notice of cancellation.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)     Actual damages and civil penalties of $4,000 for Defendant's failure to properly respond to the notice of cancellation;

    (b)     Attorneys fees and costs;

    (c)     Such other relief as the Court may deem appropriate and just.

## COUNT III - UNCONSCIONABLE INDUCEMENT

52.   Plaintiff incorporates the preceding paragraphs by reference.

53.   Defendants have engaged in a pattern of deceptive inducement of unsophisticated consumers into exploitive loans.

54.   Plaintiff is unsophisticated consumer with little understanding of financial matters.

55.   The loan was brought about with the participation of all Defendants.

56.   The loan was induced by unfair conduct, such that the transaction was procedurally unfair, including:

(a)   failure to provide appropriate disclosures;

(b)   misrepresentations in the loan application, including regarding Plaintiff's income;

(c)   failure to consider Plaintiff's ability to pay;

(d)   misrepresentations regarding the security interest on the loan and the loan terms;

(d)   withholding transaction documents; and

(e)   failure to follow prudent lending practices.

57.   The loan issued by the Defendants contained unfair terms, which constituted an unfair surprise to Plaintiffs, including a monthly payment that would increase despite Defendant's knowledge that Plaintiff lived on a fixed income, a monthly payment that far exceeded Plaintiff's ability to pay, and a security interest on all four lots, despite that Defendants had assured Plaintiff that the loan would be secured by only one lot, which had more than sufficient value to secure the loan.

58.   The loan left Plaintiff in a far worse position than he had been in previously.

59.    The loan issued to Plaintiff was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

      (a)    A declaration that Plaintiff's loan was induced by unconscionable conduct and/or contained unconscionable terms;

      (b)    Actual damages and appropriate civil penalties;

      (c)    Appropriate equitable relief;

      (d)    Reasonable attorney fees and the cost of this litigation; and

      (e)    Such other relief as the Court may deem equitable and just.

## COUNT IV - FRAUD

60.    Plaintiff incorporates the preceding paragraphs by reference.

61.    (a)    Defendants represented to Plaintiff that the loan would be secured by the lot on which Plaintiff resided.

      (b)    This representation was false.  Instead, Defendants secured the loan by all four lots owned by Plaintiff.

62.    Defendants represented to Plaintiffs that they were following commercially acceptable business practices and/or suppressed that they were not following commercially acceptable business practices, including grossly inflating Plaintiff's income on the application.

63.    Defendants misrepresented that the interest rate on the loan would be approximately 6.5% and suppressed that the loan had an adjustable rate of interest that could only increase, up to 15.875%, such that Plaintiff's monthly payments could only rise, by refusing to provide Plaintiff

11

with an explanation of the loan terms, refusing to provide disclosures prior to closing, and only providing copies of the loan documents well after closing.

64. Each of Defendants' misrepresentations and/or suppressions were reckless, wanton and/or intentional.

65. Each of Defendants' misrepresentations and/or suppressions were material to Plaintiff's decision to enter the loan.

66. Plaintiff relied on Defendants' misrepresentations and/or suppressions in deciding to enter the loan.

67. Plaintiff was damaged as a proximate result of each of the Defendants' misrepresentations and/or suppressions.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a)     Appropriate equitable relief enjoining the enforcement of the loan;

(b)     Actual and punitive damages;

(c)     Attorneys fees and costs; and,

(d)     Such other relief as the Court may deem appropriate and just.

## COUNT V - NEGLIGENCE

68. Plaintiff incorporates the preceding paragraphs by reference.

69. Defendants owed a duty of care of Plaintiff to prepare the loan documents properly, including securing the loan by the appropriate property.

70. Defendants breached their duty of care by securing the loan by all four of Plaintiff's lots.

71. Defendants' breach was, at a minimum, negligent.

12

72.    Defendants' breach was the proximate cause of damage to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Appropriate equitable relief enjoining the enforcement of the loan;

(b)    Actual damages;

(c)    Attorneys fees and costs; and,

(d)    Such other relief as the Court may deem appropriate and just.

## COUNT VI - BREACH OF FIDUCIARY DUTY (BROKER)

73.    Plaintiff incorporates the preceding paragraphs by reference.

74.    Defendant BMS owed a fiduciary duty to Plaintiff as a broker (a) to disclose the existence and terms of the broker relationship; (b) to act on his behalf and to obtain and pursue loans with the best available terms; (c) to provide him a written agreement disclosing the services to be performed and the total cost thereof; (d) to provide him notice and an opportunity to cancel the broker agreement; and (d) to disclose to him the range of options and risks associated with the loan.

75.    The defendant broker breached its fiduciary duty to Plaintiff by engaging in the following activities (this list is not necessarily exhaustive):

(a)    failing to seek out and obtain credit for Plaintiff on the best terms available;

(b)    obtaining credit terms without regard for Plaintiff's ability to pay;

(c)    misrepresenting and suppressing material facts to Plaintiff; and

(d)    making misrepresentations in the loan application.

76.    Plaintiff was injured by the defendant broker's breach of its fiduciary duty when he were induced into a loan agreement not supported by the true value of the home on terms favorable to the brokers and lender without regard to terms more favorable to Plaintiff that may have been

13

obtained from other lenders.

77.     As a direct and proximate result of the defendant broker's breach of its fiduciary duty, Plaintiff suffered substantial monetary losses and damages to his property, including potential loss of his home.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     A declaration that the defendant broker had a fiduciary duty to the Plaintiff;

(b)     A declaration that the defendant broker breached its fiduciary duty to Plaintiff by, *inter alia*, (i) failing to disclose adequately, and consistent with West Virginia law, the nature and terms of the agreement between Plaintiff and Defendants; (ii) failing to seek out and obtain credit for Plaintiff on the best terms available; and (iii) obtaining credit terms without regard for the Plaintiff's ability to pay.

(c)     A declaration that by breaching its fiduciary duty to Plaintiff, the defendant broker engaged in unconscionable conduct in the inducement of the loan agreement;

(d)     Actual and punitive damages;

(e)     Reasonable attorney fees and the costs of this litigation; and

(f)     Such other relief as this Court deems equitable and just.

## COUNT VII - JOINT VENTURE & AGENCY

78.     Plaintiff incorporates the preceding paragraphs by reference.

79.     Each Defendant had an agreement, either written, oral, constructive, or otherwise for a single business enterprise, that is the closing of the sale and financing of the home at issue in this case.

80.     Each Defendant shared in the profits and/or losses of the single business enterprise.

14

81.    The Defendants combined their money, skill, and/or knowledge to carry out this single business enterprise.

82.    Each of the acts of the Defendants were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others.

83.    The Defendant lender and holder exercised a degree of control over the remaining Defendants in carrying out the single business enterprise.

84.    At all times relevant hereto, the acts of Defendant loan officer were done as agent for the other Defendants, and the acts of the Defendant servicer were done on behalf of the Defendant holder.  Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

**WHEREFORE**, the Plaintiff respectfully requests that the Court declare Defendants jointly and severally liable.

## COUNT VIII - ILLEGAL DEBT COLLECTION

85.    Defendant CHF, in an effort to collect a debt, communicated directly with the Plaintiff, despite knowledge that he was represented by counsel in violation of West Virginia Code section 46A-2-128(e).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Actual damages and civil penalties of $4,400 for each violation pursuant to West Virginia Code sections 46A-5-101(1) and -106.

(b)      Attorneys fees and the costs of pursuing this litigation; and

(c)      Such other relief as the Court may deem appropriate and just.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Plaintiffs, **DEAN SMITH, SR. by his power of attorney, DWAYNE SMITH,**
By counsel:

Jennifer S. Wagner (State Bar ID No. 10639)
Daniel F. Hedges (State Bar ID No. 1660)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
Telephone:  (304) 344-3144 (main)
Facsimile:  (304) 344-3145

16

IN THE *Circuit* COURT OF *Kanawha* COUNTY, WEST VIRGINIA

*Dean Smith, Sr., by his* v. *JP Morgan Chase Bank, NA,* CASE NO. *10 C-528*
Plaintiff *Power of Attorney,* Defendant or Respondent *et al.*
*Dwayne Smith.*

---

## AFFIDAVIT OF INDIGENCY AND APPLICATION:
### ELIGIBILITY FOR WAIVER OF FEES, COSTS, OR SECURITY IN A CIVIL CASE

### A.  Information for the Applicant:

1.  You will be allowed to file and carry on your civil proceeding without giving security or paying fees or costs that would otherwise be required, if the court finds that you meed the official financial guidelines.

2.  You must file a separate affidavit and application anytime your financial situation no longer meets the official guidelines or anytime the court orders you to do so.

3.  At any time you may request or the court may require review of your eligibility for a waiver; and at any time the court may require you to pay fees or costs previously waived or to pay future fees or costs.

4.  When you sign this form, you will have to swear or affirm that you have completely and truthfully provided all information sought, to the best of your knowledge and ability.  *If you knowingly give any incomplete and/or false information, you may be prosecuted for the crime of false swearing.*

5.  The information you give in this form will be confidential only in a domestic violence or a divorce case.

6.  Except for signatures, all information must be clearly printed.

### B.  Information about You and Your Case:

1a.  Name: *Dean Smith, Se. ( Dwayne Smith )* *by Power of Attorney* b.  Telephone Number: *(304) 258-6367*

c.  Address: *259 Cook Lane, Berkeley Springs, WV 25411*

2.  Describe what is involved in your case: *predatory lending*

(continued)

Affidavit of Indigency & Application, page 2 of

3a.  Do you have a lawyer? ___yes___

 . b.  Have you paid or will you have to pay your lawyer? _no_____

c.  Will you have to pay your lawyer only if you win? _no_____

C.  Information about Your Financial Situation:

1.  What is your current yearly <u>household</u> net (take-home) income from <u>all</u> sources
 . (salary or wages, business(es), government payments, rents, pensions, interest, etc.): $ | 11,496 |

2a.  List the names and relationships to you of all the persons supported by this income, whether or not they
are household members: _Dwayne (son- 100%)_

b.  What is the total number of these persons? | 2 |

3.  How much money do you and your household members have in cash,
checking and savings accounts, deposit certificates, an/or bonds (<u>liquid assets</u>)? $ | 0 |

4a.  List your regular <u>monthly</u> household dept-payment and other expenses (mortgage, car, and other debt
payments; food, rent, utilities, medical transportation, child-care, and other expenses): _____

_See 3 less than $500_

b.  What is the total amount of these monthly expenses? $ | |

5a.  List all cars, trucks, motorcycles, or recreational vehicles (all-terrain vehicles, motor homes,
snowmobiles, boats), including their make, model, and year, that you and your household members own
(<u>collateral assets readily convertible to cash</u>): _____

_'94 Oldsmobile  (1,000.00)_

_'90 GMC van  (300.00)_

b.  What is the total value of these items?  | 1,300 |
$

6a.  List all real estate (houses, lots, land, rental property, other commercial property) that you or your
household member own: _____

_home- still owes approx. $99,000_

b.  What is the total value of these items? $ _240,000_

7.  What would the consequences be for you if a waiver of fees, costs, or security is denied? _____

_Unable to pursue suit_

_____

_____

By signing my name on this form, I swear to or affirm: (1) the completeness and truthfulness, to the best of my ability and knowledge, of the information I have provided and (2) my belief that I have a right to a waiver.

Signature of Affiant-Applicant: X *Dean E. Smith Sr*
                                  *Dwayne E. Smith*

Taken, subscribed, and sworn to affirmed before me, by the person whose signature appears above, on this _22nd_ day of _September, 2009_____, in _Harrison_____ County, West Virginia.

Signature of Notary (Clerk or Deputy Clerk) *Kim R. Cooper*

```
OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
KIM R. COOPER
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
My Commission Expires Sept. 18, 2016
```

### For Court Use Only

The affiant's application for a waiver is (clerk: initial one) _____ granted _____ denied.

Date: _3-18-10_____   Signature of Clerk or Deputy: *Nancy S. Taylor*

```
OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
NANCY S. TAYLOR
KANAWHA COUNTY CIRCUIT CLERK'S OFFICE
111 COURT STREET
CHARLESTON, WV 25301
My commission expires February 19, 2016
```

W. Va. Code §59-2-1; Circuit Court Civil Rule 77(e); Mag. Court Civil Rule 22

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR., by his
power of attorney, DWAYNE SMITH,

        Plaintiff,

v.                                                  Civil Action No. 10-C-528

JPMORGAN CHASE BANK, N.A., d/b/a
CHASE BANK USA, N.A., CHASE HOME
FINANCE, LLC, BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW &
BIRCHENOUGH LOAN SERVICES, INC., and
ERIE INSURANCE PROPERTY & CASUALTY CO.,

        Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:  Cathy Gatson, Clerk                      Jennifer S. Wagner, Esq.
      Kanawha County Circuit Court          Daniel F. Hedges, Esq.
      111 Court Street, Judicial Annex      Mountain State Justice, Inc.
      Charleston, WV  25301                1031 Quarrier St., Ste 200
                                          Charleston, WV  25301

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), Defendants JPMorgan

Chase Bank, N.A., and Chase Home Finance, LLC, filed a Notice of Removal on May 5, 2010,

in the United States District Court for the Southern District of West Virginia.  A copy of the

Notice of Removal is attached hereto as Exhibit 1.

     This notice serves to effect a full removal of this case pursuant to 28 U.S.C. § 1441 et

seq., thereby precluding this Court from proceeding any further on this action.

     Dated:  May 5, 2010



JPMORGAN CHASE BANK, N.A. AND
CHASE HOME FINANCE, LLC
By counsel

OF COUNSEL:

William W. Booker (WVSB #401)
KAY CASTO & CHANEY PLLC
PO Box 2031
Charleston, WV  25327-2031
(304)345-8900; (304) 345-8909

Elizabeth A. Larsen (MN #030461X)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone:  (612) 335-1500

2

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DEAN SMITH, SR., by his
power of attorney, DWAYNE SMITH,

       Plaintiff,

v.                                      Civil Action No. 10-C-528

JPMORGAN CHASE BANK, N.A., d/b/a
CHASE BANK USA, N.A., CHASE HOME
FINANCE, LLC, BIRCHENOUGH MORTGAGE
SERVICES, INC., f/k/a BARROW &
BIRCHENOUGH LOAN SERVICES, INC., and
ERIE INSURANCE PROPERTY & CASUALTY CO.,

       Defendants.

## CERTIFICATE OF SERVICE

    I, WILLIAM W. BOOKER, do hereby certify that on this 5th day of May, 2010, I served a

true copy of the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL upon counsel of record

as indicated below by mailing a true copy thereof via the United States mail, in a postage paid

envelope:

Jennifer S. Wagner, Esq.           Christopher J. Sears, Esq.
Daniel F. Hedges, Esq.              Shuman McCuskey & Slicer
Mountain State Justice, Inc.        PO Box 3953
1031 Quarrier St., Ste 200        Charleston, WV 25339
Charleston, WV 25301

                                William W. Booker (WVSB # 401)
                                Kay Casto & Chaney PLLC
                                P. O. Box 2031
                                Charleston, WV 25327
                                (304) 345-8900; (304) 345-8909

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DEAN SMITH, SR., by his power of attorney,
DWAYNE SMITH,

Civil Action No. _____

          Plaintiff,

v.

**DEFENDANT ERIE INSURANCE
PROPERTY & CASUALTY CO.'S
CONSENT TO REMOVAL**

JPMORGAN CHASE BANK, N.A., d/b/a
CHASE BANK USA, N.A., CHASE HOME
FINANCE, LLC, BIRCHENOUGH
MORTGAGE SERVICES, INC., f/k/a
BARROW & BIRCHENOUGH LOAN
SERVICES, INC., and ERIE INSURANCE
PROPERTY & CASUALTY CO.,

          Defendants.

Without waiving any of its defenses or any other rights, Defendant Erie Insurance

Property & Casualty Co., hereby consents to removal of this action from the Circuit Court of

Kanawha County, West Virginia, to the United States District Court for the Southern District of

West Virginia.  Defendant Erie Insurance Property & Casualty Co., was served on *April*

*5th*, 2010.

Dated: *May 5*, 2010

Respectfully submitted,

Christopher J. Sears, Esq. (# *8095*)
SHUMAN, McCUSKEY & SLICER, PLLC
1411 Virginia Street East, Suite 200
P.O. Box 3953
Charleston, WV 25339
Phone: (304) 932-4595
Fax: (304)343-1826

**Attorney for Erie Insurance Property &
Casualty Co.**

6872563v1

EXHIBIT

3